BALL IMPLEMENT, INC., a Corporation, Respondent,

v.

Joan TODD, Individually and as Administratrix of the Estate of William S. Todd, Deceased, Appellants.

No. 46923.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 6, 1983.

J. William Holliday, Kahoka, for appellants.

**304**

J. Patrick Wheeler, Canton, for respondent.

CLEMONS, Senior Judge.

Action by seller to replevy secured farm machinery and damages for its detention. Defendants are the buyer's widow Joan Todd individually and as her husband's administratrix. The trial court found for plaintiff seller as to possession and damages. Defendants have appealed.

Defendant widow contends she and her husband were joint purchasers of the machinery—and since the security given was by the husband alone it was not binding on her. She relies on the original retail purchase order. Therein the husband alone was named as purchaser and debtor. The widow relies on a clause on the reverse side of the purchase order. It states: "See reverse side for important information" signed both by husband and wife. There the purchase order recites:

"Buyer agrees that property on and title to the equipment delivered under this Retail Purchase Order shall remain in the Seller until Seller has received payment in full."

In giving plaintiff judgment the court cited that clause and found: "There's no question that the payment has not been received by the seller and there's no dispute about that." Thus, even if wife was joint purchaser she would be bound by the non-payment clause.

We affirm because the judgment is not clearly erroneous, is supported by substantial evidence and neither erroneously declares nor applies the law. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

Affirmed.

CRANDALL, C.J., and REINHARD and CRIST, JJ., concur.